ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email: ariel.stern@akerman.com
Email: jacob.bundick@akerman.com

*Attorney for Defendants BAC Home Loans Servicing, L.P., Bank of America Corporation, Bank of America, N.A., and ReconTrust Company, N.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JERRY PARSONS; PATRICIA PARSONS; BOYD BULLOCH; PATRICIA BULLOCH; JANET B'AIR; ENRIQUETA CASTILLO; GEORGE CASTILLO; LISA FAIRCLOTH; WILLIAM FAIRCLOTH; LINDA GENTRY; WENDELL GENTRY; MAYA LEWIS; ANTHONY LI; CONNIE LI; BRADLEY MAYS; PHU NGUYEN; LEONARD PASCUAL; FRANCES RANDOLPH; MELISSA RANDOLPH; RICHARD SHELER; SYLVIA THOMPSON-SHELER; FLORENCE SWICK; SUSAN VAZ; JEFFREY WELTE; ELENA WOODARD; ROSS WOODARD; TERESA YAMOMO;<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, NATIONAL ASSOCIATION, BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, NA.<br><br>Defendants. | Case No.  2:11-cv-00661<br><br>**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441(b) AND 1446** |

PLEASE TAKE NOTICE THAT Defendants Bank of America Corporation ("BOA"), Bank of America, National Association ("BANA"), BAC Home Loans Servicing, L.P. ("BAC"), and ReconTrust Company, N.A. ("RCNA"), collectively referred to as "Defendants," hereby remove the above-captioned action currently pending in the District Court of Clark County, Nevada, to the United

1  States District Court for the District of Nevada. Removal is based on 28 U.S.C. §§ 1331, 1332(a), and 1332(d), and authorized by 28 U.S.C. § 1441.

## BACKGROUND

1. On or about April 18, 2011, Plaintiff Jerry Parsons and twenty-six other individuals ("Plaintiffs") filed a Class Action Complaint ("Complaint" or "Compl."), on behalf of themselves and similarly-situated individuals in the District Court of Clark County, Nevada (the "State Court Action"). The State Court Action was assigned Docket No. A-11-639467-C.

2. BOA, BANA, BAC, and RCNA are named as defendants in the Complaint. The Complaint purports to assert claims for violations of the Nevada Deceptive Trade Practices Act, for injunctive relief, and for promissory estoppel.

3. On Tuesday, April 19, 2011, BAC was served a copy of the initial, as-filed pleading in the State Court Action. Service of process on BAC was the first notice Defendants received of the State Court action. This removal is therefore timely because BOA, BANA, BAC, and RCNA removed the State Court Action within 30 days after the April 19, 2011 service of process on BAC. *See* 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1332(d), 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Nevada, which is part of the "district and division" embracing the place where this action was filed – Clark County, Nevada.

5. Although consent to removal is not required under the Class Action Fairness Act, 28 U.S.C. § 1453(b), BOA, BANA, BAC, and RCNA all consent to removal of this action.

6. BOA, BANA, BAC, and RCNA have satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby remove this Action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1331, 1332(a), 1332(d), 1441 and 1453.

7. Appended hereto as Exhibit A is a copy of all process, pleadings, and orders served upon Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a).

8. Appended hereto as Exhibit B is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the District Court of Clark County, Nevada, pursuant to 28 U.S.C. § 1446(d).

{LV029576;1}                                         2

9.     Appended hereto as Exhibit C is a copy of the Notice of Filing of Notice of Removal, which will be promptly filed with the Clerk of the District Court of Clark County, Nevada, pursuant to 28 U.S.C. § 1446(d).

10.    Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

11.    Based upon the reasons stated herein, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1332(d), and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## STATUTORY REQUIREMENTS – 28 U.S.C. § 1332(a)

12.    <u>Citizenship of Parties</u>.  Complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a)(1).

13.    Plaintiff Jerry Parsons is a resident of Clark County, Nevada, and is the borrower of a loan originated by Defendants.  Compl. ¶¶ 1, 53.  All other named plaintiffs are also residents of Nevada.  Compl. ¶¶ 2-27.

14.    Defendant BOA is a corporation incorporated in Delaware with a principal place of business in Charlotte, North Carolina.  As such, BOA is deemed to be a citizen of Delaware and North Carolina for purposes of this litigation.  *See* 28 U.S.C. § 1332(c).

15.    Defendant BANA is a national banking association with its principal and main place of business in Charlotte, North Carolina.  As such, BANA is deemed to be a citizen of North Carolina for purposes of this litigation.  See <u>Wachovia v. Schmidt</u>, 546 U.S. 303, 318 (2006).

16.    Defendant BAC is a limited partnership formed under the laws of the State of Texas. In assessing diversity of citizenship for a limited partnership like BAC, the citizenship of the partnership's individual partners controls.  <u>Group Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 569 (2004) (noting the "accepted rule" that a limited partnership "is a citizen of each State or foreign country of which any of its partners is a citizen").  BAC's only partners are BAC G.P., LLC and BANA L.P., LLC, which are both limited liability companies.  The citizenship of a limited liability corporation is determined by the citizenship of its members.  <u>Delay v. Rosenthal Collins Group, LLC</u>,

1  585 F.3d 1003, 1005 (6th Cir.2009).  The sole member of both BANA L.P., LLC and BAC G.P., LLC

2  is BANA.  Thus, because BANA—and, consequently, BAC G.P., LLC and BANA L.P., LLC—is a

3  citizen of North Carolina, BAC is also a citizen of North Carolina for diversity purposes.

4        17.    Defendant RCNA is a national banking association with its principal and main place of

5  business in California.  As such, RCNA is deemed to be a citizen of California for purposes of this

6  litigation.  See Wachovia v. Schmidt, 546 U.S. 303, 318 (2006).

7        18.    Because Plaintiffs are citizens of Nevada, and Defendants BOA, BANA, BAC, and

8  RCNA are citizens of other states, complete diversity exists between the parties.

9        19.    Amount in Controversy.  The amount in controversy with respect to Plaintiffs' claims,

10  exclusive of interest and costs exceeds $75,000.  See 28 U.S.C. § 1441(a).

11        20.    Plaintiffs purportedly seek compensatory damages "in excess of $10,000.00," along

12  with "punitive damages in an amount to be determined at trial," but also "in excess of $10,000.00."

13  Compl. ¶¶ 390, 392.

14        21.    In addition to this monetary relief, Plaintiffs also seek injunctive relief "enjoining

15  Defendants from foreclosure, recording of the deed of trust and/or eviction proceedings against

16  Plaintiffs."  Compl. at 50 (¶ 6).  "In actions seeking declaratory or injunctive relief, it is well

17  established that the amount in controversy is measured by the value of the object of the litigation."

18  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  In seeking to enjoin

19  foreclosures, Plaintiffs are in essence asking the court to prevent Defendants from collecting upon

20  their debts by seizing the properties pledged as security for those debts, in effect extinguishing their

21  debts.  The amount in controversy is therefore either (a) the market value of the properties in question

22  or (b) the outstanding debts owed by Plaintiffs.  See Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F.

23  Supp. 2d 1022, 1028-29 (N.D. Cal. 2010).  Under either measure, well over $75,000 is in controversy.

24        22.    The property that Plaintiffs Jerry and Patricia Parsons seek to prevent foreclosure on

25  was valued, five years ago, at $499,000.  See Declaration of Lourdes Duarte ¶ 4 (appended hereto as

26  Exhibit D).  Even assuming that the value of the property decreased in the past five years due to the

27  collapse of the housing market, it is inconceivable that the property would be worth less than $75,000

28  today.  Each of the other named Plaintiffs' properties (with the exception of the Bulloch property, for

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

which Defendants do not have an appraisal) have also been valued at well over $75,000. See id. at ¶¶ 5-21.

23.  The outstanding mortgage loan debts owed by each of the Plaintiffs are also in excess of $75,000. Plaintiffs Jerry and Patricia Parsons, for example, currently owe over $250,000 on their loan. See Declaration of Lourdes Duarte ¶ 4. Each of the other named Plaintiffs similarly owes well in excess of $75,000 on his or her loan. See id. at ¶¶ 5-21.

## STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332(d), 1453

24.  Removal of this case is also proper pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453.

25.  This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of at least one of the Defendants; and (3) the aggregate amount placed in controversy by the claims of the plaintiffs and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs.

26.  Number of Class Members. Removal is proper under 28 U.S.C. § 1332(d)(5)(B) because the number of members of the proposed plaintiff class exceeds 100. Plaintiffs allege that the Class "consists of Borrowers in the State of Nevada whose first mortgage loans are: (a) serviced or owned by Bank of America; and (b) the loans are delinquent or in imminent risk of default."[1] Compl. ¶ 36. While the complaint does not identify with precision how large the putative Class is, Plaintiffs allege that "thousands of Nevada consumers have responsibly reached out to Bank of America to seek either a modification or a short sale." Id. ¶ 47. By definition, consumers who are seeking mortgage assistance from Bank of America must necessarily be either delinquent or in danger of default, and therefore qualify as class members under Plaintiffs' definition of the Class. The size of the putative class and subclasses therefore numbers in the thousands.

---

[1] The complaint further divides the Class into two Subclasses. Subclass A "consists of all persons in Nevada who, while in the middle of negotiating either a short sale or a loan modification with Bank of America, had their home sold at a Trustee's Sale." Compl ¶ 37. Subclass B "consists of all persons in Nevada who are currently negotiating either a short sale or a loan modification with Bank of America and have had Bank of America proceed with the foreclosure process despite these negotiations." Compl. ¶ 38.

{LV029576;1}   5

27. <u>Citizenship of Parties</u>. Diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(d)(2). As explained <u>supra</u> at ¶ 14, Plaintiffs and all other Class members are citizens of Nevada. As explained <u>supra</u> at ¶¶ 15-18, Defendants are citizens of other states. Thus, complete diversity exists between the parties.

28. <u>Amount in Controversy</u>. The amount in controversy with respect to the aggregate claims of the class members, exclusive of interest and costs, exceeds $5,000,000. <u>See</u> 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). Defendants deny that Plaintiffs are entitled to recover any amount, and specifically deny that certification of any class is proper. However, as explained <u>supra</u> at ¶¶ 22-24, the amount in controversy for Plaintiffs Jerry and Patricia Parsons' claim alone is no less than $250,000, the outstanding amount of loan debt they owe. Assuming that the Parsons' claim is typical of the claims of other class members (as it must be for any class to be certified), it would take only 20 other individuals with claims greater than or equal to that of the Parsons to reach the statutory threshold. Indeed, the aggregate amount of outstanding loan debt owed by the 27 named Plaintiffs <u>alone</u> – without including any other members of the putative class – is $7,714,946.65, well in excess of CAFA's statutory minimum.[2] <u>See generally</u> Declaration of Lourdes Duarte.

29. <u>Jurisdiction is Mandatory</u>. Jurisdiction is mandatory, not discretionary, under CAFA because Defendants are not citizens of Nevada – the "state in which th[is] action was originally filed." 28 U.S.C. § 1332(d)(3).

30. <u>No CAFA Exceptions Apply</u>. Although Defendants deny that they bear the burden to show that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5), and (9) are inapplicable, none apply.

<u>First</u>, the exceptions in 28 U.S.C. §§ 1332(d)(4) do not apply because, as already noted, all Defendants are citizens of either North Carolina or California, and no defendant is a citizen of the State in which the Complaint was originally filed – Nevada.

<u>Second</u>, the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because the number of putative class members is alleged to be in excess of 100. <u>See supra</u> ¶ 27.

---

[2] The same result is also obtained if one aggregates the appraised value of the properties securing Plaintiffs' loans.

{LV029576;1}                                              6

Finally, the exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does not involve a claim under the securities laws and does not relate to the internal affairs and governance of a corporation or other form of business enterprise.  28 U.S.C. § 1332(d)(9); see generally Complaint.

### STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1331 and 1441

31. Removal of this case is also proper pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims will necessitate the adjudication of substantial, disputed questions of federal law under a contract entered into pursuant to federal law by the United States government.

32. Federal Question Jurisdiction.  The court has original jurisdiction under 28 U.S.C. § 1331.  While Plaintiffs' claims are, on their face, for state and common law claims, the central, overarching claim is that Defendants violated the provisions of the federal government's Making Home Affordable ("MHA") or Home Affordable Modification Program ("HAMP").  See Grable & Sons Metal Products, Inc. v. Darue Engineering and Mfg., 545 U.S. 308, 312 (2005) (recognizing federal question jurisdiction where claims recognized under state law "nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.").

33. In the Complaint, Plaintiffs allege that Defendants violated MHA and HAMP in numerous ways, such as by misinforming borrowers regarding the requirements of the HAMP program (Compl. ¶¶ 48b, 366, 368-72);  by taking too long to process borrowers' requests for modification under HAMP (Compl. ¶ 356); by failing to adequately retain information provided by homeowners in connection with their applications for modifications under HAMP (Compl. ¶ 356); and by failing to provide permanent modifications to homeowners who successfully complete their trial plans under the HAMP Program (Compl. ¶¶ 44-48, 368-374).  Plaintiffs cite Defendants' allegedly poor performance in the HAMP program as evidence of the merit of their claims.  Compl. ¶ 50.

34. In essence, because Plaintiffs seek to enforce HAMP against Defendants, in order to resolve Plaintiffs' claims, the Court must first determine whether there exists a private right of action under HAMP.  This federal program contains no express directive as to this matter, and the Court would therefore have to interpret HAMP and the HAMP Servicer Participation Agreement entered

1  into by Defendants in order to determine whether there is a private right of action under the program.
2  The Court would then have to determine whether Defendants did in fact violate the program's terms
3  in order to adjudicate Plaintiffs' claims.

4  35.  The resolution of Plaintiffs' claims necessarily involve the resolution of underlying
5  disputed questions of federal law, and as such, gives rise to federal question jurisdiction. <u>Cf.</u>
6  <u>Copeland-Turner v. Wells Fargo Bank, N.A.</u>, No. CV-11-37-HZ, 2011 WL 996706 (D. Or. March 17,
7  2011) (where complaint raised allegations regarding HAMP program, federal jurisdiction proper).

## **CONCLUSION**

By this notice and its attachments, Defendants do not waive any objections they may have as to improper service, jurisdiction, or venue or any other defenses or objections to this Action or the State Court Action. Defendants intend no admission of fact, law, or liability by this notice, and reserve all defenses, motions, and pleas. Defendants pray that this action be removed to this Court, that all further proceedings in the state court be stayed, and that Defendants obtain all additional relief to which they are entitled.

DATED this 27th day of April, 2011.

AKERMAN SENTERFITT LLP

/s/ Ariel E. Stern
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101

*Attorney for Defendants BAC Home Loans Servicing, L.P., Bank of America Corporation, Bank of America, N.A., and ReconTrust Company, N.A.*

{LV029576;1}   8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of April, 2011 and pursuant to FRCP 5, I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **PETITION FOR REMOVAL UNDER 28 USC 1331, 1332, 1441 AND 1446**, postage prepaid (if necessary) and addressed to:

MATTHEW Q. CALLISTER, ESQ.
CALLISTER & ASSOCIATES
823 Las Vegas Blvd., South
Las Vegas, Nevada  89101
Facsimile: 702-385-2899

*Attorneys for Plaintiff*

  /s/ Stacy Warner
An employee of AKERMAN SENTERFITT LLP

{LV029576;1}

9